# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

PETER PAYNE,                          §
                                      §
        Plaintiffs,                   §
                                      §          CIVIL NO. 4:14-CV-369
v.                                    §
                                      §
HIGHLAND HOMES, LTD., et al.,         §
                                      §
        Defendants.                   §

## MEMORANDUM OPINION AND ORDER AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE[1]

On June 9, 2014, this case was removed to this Court. On June 24, 2014, the Court denied without prejudice an agreed motion to remand, noting that the parties had cited to no authority that would show how the Court was divested of jurisdiction.

On July 10, 2014, the Federal Defendants filed a Motion for Reconsideration of Order Denying Agreed Motion (Dkt. 8), and, on July 11, 2014, the remaining Defendants filed their Joint Second Motion to Remand (Dkt. 10).[2]

---

[1]This case was randomly assigned to the undersigned Magistrate Judge. With the written consent of all parties, a Magistrate Judge may conduct all proceedings in a case, including all pretrial and trial proceedings, entry of judgment and post trial motions. 28 U.S.C. § 636(c). The Court addresses this dispositive relief in the form of a report and recommendation since the motion is opposed and since, to date, the case has not been assigned to the undersigned by consent of the parties.

[2]The Court notes that Plaintiffs originally joined in the parties' joint request to remand the case. *See* Dkts. 4 & 5. It was not until the Court denied the request without prejudice that Plaintiffs apparently changed their position. The reason for Plaintiffs' change in position is unclear, but the Court warns counsel that gamesmanship is not tolerated in this Court.

On July 15, 2014, the Court entered an order directing Plaintiffs to file any response to the pending remand motions no later than July 23, 2014. *See* Dkt. 12. No response was timely filed. Then, on July 30, 2014, Plaintiffs filed a Motion for An Extension of Time to File a Consolidated Response to Defendants' Motions for Reconsideration (Dkt. 16). Although no party has made mention of the Court's order shortening the deadline to respond to the motion, the requested extension was not opposed. Because it was not opposed, the motion for extension of time (**Dkt. 16**) is **GRANTED**,[3] and the Court will consider Plaintiffs' late-filed response.

Having reviewed the record and the authorities cited, the Court is now satisfied that remand is proper as it appears the removed pleading was not properly before the state court.

Plaintiffs filed their Sixth Amended Petition in state court on May 11, 2014. Plaintiffs' amended petition both added the new parties (the Federal Defendants) and amended claims against existing defendants. No party disputes that the removal would have been proper had the amended petition been properly before the state court. Defendants argue, however, that the Sixth Amended Petition was filed in violation of the state court's scheduling order.

The scheduling order provided that "[a]ll parties must be added and served, *whether by amendment* or third party practice, by [February 3, 2014]." Dkt. 8-1 at 3. The deadline for Plaintiffs to file an amended pleading was May 12, 2012. *Id.* Defendants argue that, because the Sixth Amended Petition added parties more than three months after the deadline, it was a legal nullity. Plaintiffs argue that, because the amended pleading was filed before the pleadings deadline, it was

---

[3]Although orders in this District are sent electronically with a brief docket text, the docket text is not the order and any counsel proceeding in this District are expected to open and read all attachments to those notices.

properly filed. Thus, the Court is faced with determining whether the Sixth Amended Petition was properly before the state court such that it could be removed.

Although no party has identified any Fifth Circuit authority directly on point, it is clear that, in the Fifth Circuit, "failing to request leave from the court when leave is required makes a pleading more than technically deficient" and that "[t]he failure to obtain leave results in an amended complaint having no legal effect." *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). And, the Fifth Circuit has held that, for removal purposes, "under Texas law, an action has commenced when a petition is ***filed***." *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (emphasis added). It is further clear that, under Texas's procedural rules, an amended pleading "shall be ***filed*** only after leave of the judge is obtained." TEX. R. CIV. P. 63 (emphasis added). Thus, as Defendants argue, if Plaintiffs' petition was not deemed to have been filed under Texas law, then it was not the operable petition for removal purposes. *See, e.g., McDonough v. UGL UNICCO*, 766 F. Supp.2d 544, 546 (E.D. Pa. 2011) ("this Court finds the better rule (and the majority view) is that an amended complaint that would provide a basis for subject matter jurisdiction does not become removable until the motion to amend is granted and the amended complaint becomes effective.").

As Defendants correctly note, any doubt about "whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The authorities cited by Defendants – including the Defendants who initially removed the case but now seek remand – indicate that the petition on which removal was based was a legal nullity under Texas law and the Court thus resolves any doubt in their favor.

Defendants have also argued that, although the state court scheduling order required that "[t]he party causing the joinder shall provide a copy of this scheduling order at the time of service[,]" and although the Sixth Amended Petition represented they had, Plaintiffs did not provide a copy to the Federal Defendants when serving them. Although the Court declines to address the effect of Plaintiffs' failure to comply with this provision of the scheduling order, the Court notes that inclusion of the scheduling order as directed may have prevented removal from the onset.

This Court will not determine whether Plaintiffs should be granted leave to add the claims and parties they did or whether the amended petition should have been filed. The Court will also not evaluate the amended petition in a piecemeal fashion, ignoring the additional claims against the Federal Defendants and finding that the additional federal claims against existing defendants were timely filed and sufficient for removal. Such is not this Court's role. If the state court finds that the petition was properly filed or should be filed, then it may become removable. At this time, whether it has any legal effect is up to the state court in which it was filed.

The Court finds that the motions for reconsideration and remand (**Dkts. 8 & 10**) should be **GRANTED** and that the case should be REMANDED to the 431st Judicial District Court of Denton County, Texas.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall

bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

     **SIGNED this 29th day of August, 2014.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE